IN THE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **DONNELL ROBINSON, JR.**<br>　　　　**Plaintiff**<br><br>　　v.<br><br>**GRUNDY COUNTY AND SHELDON SOBOL**<br>**GRUNDY COUNTY STATES ATTORNEY**<br><br>　　　　**Defendants.** | FILED: JULY 14, 2008<br>08CV3974<br>JUDGE COAR<br>MAGISTRATE JUDGE MASON<br>No.<br>YM |

## CLASS ACTION COMPLAINT

Plaintiff through his attorneys, Thomas Peters, Kevin Peters, Mary DeSloover and Frank Himel, states:

### COUNT I

### CLASS ACTION FOR DECLARATORY AND INJUNCTIVE RELIEF

### PARTIES, JURISDICTION AND VENUE

1. Plaintiff had property seized and subsequently impounded for forfeiture pursuant to the Illinois Drug Asset Forfeiture Act.

2. Defendant, Grundy County, is a governmental entity organized under the laws of the State of Illinois and is the employer of Defendant Sobol.

3. Defendant, Sheldon Sobol, is the Grundy County State's Attorney and in that capacity he sets and implements the policies of that agency, as they relate to property that

is seized by the police and is subject to forfeiture. He is sued in his official capacity.

4. This suit is brought pursuant to 42 U.S.C. Sec. 1983 for violations of the Plaintiffs' constitutional right to a prompt post-seizure probable cause hearing, as required by the Fifth and Fourteenth Amendments of the Constitution of the United States.

5. The Court has jurisdiction pursuant to 28 U.S.C. 1343.

6. All of the acts alleged herein occurred in Grundy County, Illinois, and all of the acts alleged herein were taken under color of state law.

## THE FORFEITURE SYSTEM

7. Police departments within Grundy County are authorized by state law to take 52 days following a seizure of property to decide whether the seizing agency intends to recommend that the Grundy County State's Attorney seek forfeiture of the seized property. 725 ILCS 150\5.

8. Following the first 52 allotted days, Defendant Sobol, and the Grundy County State's Attorney's office, have an additional 45 days to review the forfeiture recommendation. 725 ILCS 150\6(A).

9. During those 45 days it is the policy and practice of Sobol to refuse to return the seized property upon demand by the owner.

10. If the Grundy County State's Attorney's office decides to seek forfeiture, notice is mailed to the last known address of the property owner, who then must file a

written claim and post bond.

11. In those cases when the Grundy County State's Attorney elects to file a forfeiture action, three to four more weeks pass following the issuance of notice of forfeiture by the State's Attorney before the answer and bond are filed with the court.

12. Until such time as an answer is filed and bond is posted, or excused by the court, the property owner does not have the merits of his case reviewed by a judicial officer.

13. Under Illinois law, as applied and enforced by the Defendants acting in conjunction with each other, a person from whom property is seized is not afforded a judicial or administrative hearing to determine probable cause to detain within the first 10 days following the seizure.

**POST DEPRIVATION PROBABLE CAUSE HEARINGS ARE NOT PROVIDED**

14. Plaintiff had property seized by police officers, who did not have judicially authorized warrants to seize the confiscated property.

15. Plaintiff was not been afforded a prompt post-seizure probable cause to detain hearing.

16. Plaintiff has had property detained by Defendants for more than 90 days without a probable cause to detain hearing.

17. On or about April 5, 2008, Plaintiff had property seized and impounded pursuant to the Illinois Drug Asset Forfeiture Act. Plaintiff was not charged with a

criminal offense when his property was seized and Defendants did not hold a post-seizure probable cause to detain hearing.

18. A notice of a forfeiture action was mailed to Plaintiff on June 6, 2008.

## THE CLASS ALLEGATIONS

19. Plaintiff represents a class of persons who have had, or will have, property seized for forfeiture in Grundy County.

20. The number of potential class members exceeds 500 (five hundred) persons annually.

21. As to this class, the Defendants follow a common course of conduct and a common question of law will resolve the claims of all class members.

22. The common issue of constitutional law is whether a person from whom property is seized by a police officer, without a warrant, has the right to a prompt post-seizure determination of probable cause to continue to detain the seized property.

24. The claim of the named Plaintiff is typical of the claims of all other class members.

25. Plaintiff will fairly and adequately represent and protect the interest of the class.

26. Plaintiff and his counsel can fairly and adequately represent the class.

Wherefore, Plaintiff pray the Court will a) certify this case as a class action; b) declare that Plaintiffs have a due process right to a prompt post-seizure probable cause

hearing; c) declare that the Defendants must hold a post-seizure probable cause hearing within ten business days of any seizure; and d) enjoin Defendants' current practice and policy of seizing property and retaining custody for months without a judicial determination of probable cause.

Respectfully submitted,

S/ Kevin Peters
THOMAS PETERS
KEVIN PETERS
FRANK HIMEL
MARY DESLOOVER
ATTORNEYS FOR THE PLAINTIFF
407 S. Dearborn, Suite 1675
Chicago, IL 60605