**IN THE**
**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **DONNELL ROBINSON, JR.** ) | |
| **Plaintiff** ) | |
| ) | |
| **v.** ) | |
| ) | |
| **GRUNDY COUNTY AND SHELDON SOBOL,** ) | No. 08 C 3974 |
| **GRUNDY COUNTY STATES ATTORNEY** ) | |
| ) | **Honorable Judge Coar,** |
| **Defendants.** ) | **Presiding** |

## AMENDED COMPLAINT

Plaintiff through his attorneys, Thomas Peters, Kevin Peters, Mary DeSloover and

Frank Himel, states:

## COUNT I

## PARTIES, JURISDICTION AND VENUE

1.  Plaintiff had property seized and subsequently impounded for forfeiture

pursuant to the Illinois Drug Asset Forfeiture Procedure Act. 725 ILCS 150\1 et seq.

(DAFPA)

2.  Defendant, Grundy County, is a governmental entity organized under the laws

of the State of Illinois and is the employer of Defendant Sobol.

3.  Defendant, Sheldon Sobol, is the Grundy County State's Attorney and in that

capacity he sets and implements the policies of that agency, as they relate to property that

is seized by law enforcement officers in Grundy County.

4.  This suit is brought pursuant to 42 U.S.C. Sec. 1983 for violations of the Plaintiff's constitutional right to a prompt post-seizure probable cause hearing, as required by the Fifth and Fourteenth Amendments of the Constitution of the United States.

5.  The Court has jurisdiction pursuant to 28 U.S.C. 1343.

6.  All of the acts alleged herein occurred in Grundy County, Illinois, and all of the acts alleged herein were taken under color of state law.

## THE FORFEITURE SYSTEM

7.  Police departments within Grundy County are authorized by the DAFPA to take 52 days following a seizure of property to decide whether the seizing agency intends to recommend forfeiture of the seized property. 725 ILCS 150\5.

8.  During those 52 days it is the policy and practice of Grundy County and Sobol to refuse to return the seized property upon demand by the owner.

9.  The DAFPA does not prohibit Grundy County or Sobol from holding probable cause hearings during the first 52 days following the seizure of property that is being detained for possible forfeiture.

10.  During those first 52 days, neither Grundy County nor Sobol seek judicial review or judicial authorization to continue to detain seized property.

11.  Instead Grundy County and Sobol authorize the seizing agency to detain the

2

property without judicial approval.

12.  After the first 52 days pass, Sobol has an additional 45 days to review the forfeiture recommendation of the seizing agency. 725 ILCS 150\6(A).

13.  During those 45 days, it is the policy and practice of Sobol to refuse to return the seized property upon demand by the owner.

14.  Neither Sobol nor Grundy County seek judicial review authorizing the continued detention of the seized property during this 45 day period.

15.  When Sobol decides to seek forfeiture, notice is mailed to the last known address of the property owner, who then must file a written claim and post bond.

16.  When Sobol elects to file a forfeiture action, three to four more weeks pass, following the issuance of notice of forfeiture by the State's Attorney, before the answer and bond are filed with the court.

17.  Until such time as an answer is filed and bond is posted, or excused by the court, the property owner does not have the merits of his case reviewed by a judicial officer.

18.  As a result of the policy and practice of the Defendants, a person from whom property is seized in Grundy County is not afforded a prompt judicial or administrative hearing to determine probable cause to detain following the seizure.

### THE FORFEITURE SYSTEM AS APPLIED TO PLAINTIFF

19.  On or about April 5, 2008, Plaintiff had property seized and impounded in

3

Grundy County pursuant to the DAFPA.

20.   Plaintiff was not charged with a criminal offense when his property was seized and Defendants did not hold a prompt, post-seizure probable cause to detain hearing.

21.   A notice of a forfeiture action was mailed to Plaintiff on June 6, 2008.

22.   From on or about April 5, 2008, the date of the seizure, to the present, Plaintiff's property has been detained without a judicial determination of probable cause to detain.

23.   Plaintiff's right to due process of law was violated by the Defendants and as direct and proximate result of that violation Plaintiff has suffered actual damages.

Wherefore, Plaintiff prays the Court will a) declare that Plaintiff has a due process right to a prompt, post-seizure, probable cause hearing; b) declare that the Defendants must hold a post-seizure probable cause hearing within ten business days of any seizure; c) enjoin Defendants' current practice and policy of seizing property and retaining custody for months without a judicial determination of probable cause; and d) award Plaintiff damages, costs, and reasonable attorneys' fees.

Respectfully submitted,

S/ Kevin Peters
THOMAS PETERS
KEVIN PETERS
FRANK HIMEL

4

MARY DESLOOVER
ATTORNEYS FOR THE PLAINTIFF
407 S. Dearborn, Suite 1675
Chicago, IL 60605